IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-00742-NYW

EDWARD FLEMING,

    Plaintiff,

v.

DAVID BROWN, a/k/a DAVID BROWN LEVY a/k/a DAVID RAYMOND BROWN,
SCREENFUND LLC, and
THE SCREEN COMPANY, INC.

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion" or "Motion for Temporary Restraining Order"). [Doc. 4]. Plaintiff Edward Fleming ("Plaintiff" or "Mr. Fleming") alleges that he entered into a business venture with Defendant David Brown ("Defendant Brown" or "Mr. Brown") under the name of Film Holdings Capital LLC ("FHC"). [Doc. 1 at ¶ 18]. Plaintiff alleges that, over the course of the several months, he made over $11 million in capital investments to FHC. [*Id.* at ¶ 25]. According to Mr. Fleming, Mr. Brown caused the unauthorized wiring of those funds to bank accounts held by other entities, such as Defendants ScreenFund LLC ("ScreenFund") and The Screen Company, Inc. ("The Screen Company") to "hide" Mr. Fleming's money. [*Id.* at ¶¶ 32, 34–35, 46]. Mr. Brown then repeatedly failed to follow through on promises to wire Plaintiff funds that Plaintiff was owed. [*Id.* at ¶¶ 44–58].

Plaintiff now asks this Court for an order (1) enjoining Defendants from "disbursing, transferring, or otherwise disseminating the principal or proceeds of any loans, deals, or other transactions involving [FHC] or Edward Fleming's capital contributions to FHC"; (2) enjoining Defendants from "disbursing, transferring, or otherwise disseminating funds held by entities owned or controlled by Defendants or located in financial institution accounts owned or controlled by Defendants, until Plaintiff is able to obtain a full accounting of FHC and the $11,324,540.00 contributed to FHC by Plaintiff"; and (3) ordering Defendants to provide Plaintiff "all bank statements between March 1, 2024 and the present for accounts that received Fleming's capital contributions to FHC, distributed Fleming's capital contributions to FHC, and/or received loan proceeds, return of principal, or any other monies related to Fleming's capital contributions to FHC" no later than March 11, 2025. [Doc. 4 at 1–2].

> Plaintiff's certificate of conferral states:
>
> Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel attempted to confer with Mr. Eric Struble, who we understand to be counsel for Defendant David Brown on March 6, 2025 in an effort to resolve this dispute. Plaintiff left a voice message for Mr. Struble, but as of the time of the filing of this Motion, Plaintiff is uncertain whether Defendants oppose the relief sought herein. Pursuant to D.C.COLO.LCivR 65.1, copies of the pleadings and documents filed in this action to date and to be presented to the Court at the hearing have been provided to Mr. Straub via e-mail and have been sent via Federal Express.

[Doc. 4 at 2]. Because it is unclear to the Court whether Mr. Struble represents any of the Defendants, because Plaintiff's counsel apparently never heard back from Mr. Struble, and because the docket reflects no entry of appearance by Mr. Struble or counsel for the two corporate Defendants, the Court construes Plaintiff's Motion as seeking ex parte relief. *See Ball Dynamics Int'l, LLC v. Jamz Fitness, Inc.*, No. 08-cv-00465-MSK,

2

2008 WL 793583, at *1 (D. Colo. Mar. 21, 2008) (construing motion as seeking ex parte relief because "the Court [could not] presume that the entity Defendant ha[d] received notice of the instant motion simply because the motion was sent to a[n] . . . email address"). For the reasons set forth below, the Motion is respectfully **DENIED** to the extent it seeks an ex parte temporary restraining order.

I.   **Subject Matter Jurisdiction**

A district court has an independent obligation to satisfy itself of its own jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Mr. Fleming asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. *See* [Doc. 1 at ¶ 9]. Section 1332 states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Mr. Fleming alleges that he "is a citizen of the United States who currently resides in the state of Colorado" and that Mr. Brown "is a citizen of the United States who currently resides in the state of South Carolina." [Doc. 1 at ¶¶ 5–6]. However,

3

"[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Residency is not synonymous with domicile*, see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another."), and only the latter is determinative of a party's citizenship, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith*, 445 F.3d at 1260.  Courts in this District thus routinely conclude that allegations of a party's state of *residence* are insufficient to establish that party's state of *citizenship*.  *See Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1547 (D. Colo. 1990); *Kelley v. Smith*, No. 24-cv-02621-PAB-STV, 2024 WL 4290826, at *2 (D. Colo. Sept. 25, 2024).

The deficient allegations as to Mr. Brown's citizenship render the allegations about ScreenFund's citizenship deficient, too.  "[A]n LLC, as an unincorporated association, takes the citizenship of all its members."  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).  Plaintiff alleges that, "[b]ased on information and belief, Defendant Brown is the sole member of ScreenFund LLC."  [Doc. 1 at ¶ 3]. This allegation is insufficient for at least two reasons.  First, it is not enough for Plaintiff to allege that Mr. Brown is the sole member of ScreenFund "upon information and belief." Instead, Plaintiff must affirmatively identify all the members of ScreenFund and

4

affirmatively plead those members' citizenship(s), to establish the company's citizenship for the purposes of diversity jurisdiction. *See, e.g.*, *Villanuevo v. Lowe's Home Ctrs.*, No. 16-cv-02613-PAB-KLM, 2016 WL 7320393, at *2 (D. Colo. Dec. 16, 2016); *Restore Life USA, Inc. v. LifeNews.com*, No. 18-cv-02472-MEH, 2018 WL 11189665, at *1 (D. Colo. Oct. 1, 2018); *Shanks v. Cath. Health Initiatives Colo.*, No. 20-cv-03713-STV, 2021 WL 307507, at *2 (D. Colo. Jan. 29, 2021). Second, even if Mr. Brown is the sole member of ScreenFund, because Plaintiff has not adequately alleged Mr. Brown's citizenship, he has not sufficiently alleged ScreenFund's citizenship, either. *See Overhead Sols., Inc. v. A1 Garage Door Serv., L.L.C.*, No. 19-cv-01741-PAB, 2019 WL 11314993, at *1 (D. Colo. July 30, 2019) (allegations of LLC member's residency were insufficient to establish the LLC's citizenship).

Plaintiff's present allegations are insufficient for the Court to determine whether it has subject matter jurisdiction over this case. And absent the Court's satisfaction that complete diversity of citizenship exists under 28 U.S.C. § 1332, the Court cannot proceed. *Cunningham*, 427 F.3d at 1245. Accordingly, the Court cannot presently enter the relief requested by Plaintiff.

## II.   Personal Jurisdiction

Second, the Court has doubts about whether it has personal jurisdiction over any of the Defendants. "A court does not have the power to order injunctive relief against a person without *in personam* jurisdiction." *AMBI Distrib. Corp. v. Doe*, No. 21-cv-01961-WJM-NYW, 2021 WL 3269234, at *2 (D. Colo. July 28, 2021); *see also Viral DRM, LLC v. Unknown Counter Notificants*, 688 F. Supp. 3d 1271, 1274–75 (N.D. Ga. 2023) (denying motion for temporary restraining order where the plaintiff "ha[d] not established

5

that the Court may exercise personal jurisdiction over the nonresident Defendants"); *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."). "[I]f a requesting party has not established personal jurisdiction, he also cannot make the requisite showing of a substantial likelihood of success before the court." *Viral DRM, LLC*, 688 F. Supp. 3d at 1275.

With respect to personal jurisdiction, Plaintiff states:

> This Court has personal jurisdiction over Defendants Brown, ScreenFund, and The Screen Company, and each of them, because at all relevant times they were doing business in and directing their efforts towards Plaintiff and Red Junior, LLC and obtaining their funds and cooperation in this District. This Court has personal jurisdiction over Defendants for the additional reason that each of them purposefully directed action at this forum to obtain benefits from their scheme perpetrated against Plaintiff in this District.

[Doc. 1 at ¶ 10].

A court may exercise general personal jurisdiction (or "all-purpose" jurisdiction) or specific personal jurisdiction (or "conduct-linked" jurisdiction) over a defendant. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Specific jurisdiction is available where the lawsuit arises out of or relates to the defendant's contacts with the forum state. *Bristol-Myers Squibb*, 582 U.S. at 262. On the other hand, general jurisdiction "permits a court to adjudicate any cause of action against" the defendant, "wherever arising, and whoever the plaintiff." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). A court may exercise general jurisdiction over a defendant if the defendant's affiliations with the forum state are "so continuous and systematic" that it is "essentially at home" in the state.

*Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924.

Because Plaintiff generally alleges that Defendants are out-of-state Parties, *see* [Doc. 1 at ¶¶ 6–8], and there are no specific allegations to suggest that Defendants are "essentially at home" in Colorado, the Court assumes that Plaintiff believes the Court has specific personal jurisdiction over Defendants. The "minimum contacts" test for specific jurisdiction has two requirements: First, the defendant must have "purposefully directed its activities at residents of the forum state," and second, "the plaintiff's injuries must arise out of the defendant's forum-related activities." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (cleaned up)). However, "mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

As a preliminary matter, "conclusory allegations are insufficient to establish jurisdiction." *Dental Dynamics, LLC v. Jolly Dental Grp.*, 946 F.3d 1223, 1231 (10th Cir. 2020). Plaintiff's allegations that Defendants *as a whole* were "directing their efforts towards Plaintiff" and "obtaining their funds and cooperation in this District" are insufficient to convince the Court that it could enter any order enjoining the out-of-state Defendants. Indeed, there are *no* allegations in Plaintiff's Complaint setting out, with specificity, any of the Defendants' connection to or contacts with Colorado. *See generally* [Doc. 1]. At best,

7

Plaintiff alleges that Mr. Brown contracted with Plaintiff, a Colorado resident. [Doc. 1 at ¶ 18; Doc. 4-1 at ¶ 9]; *see also* [Doc. 4-4 (the FHC Operating Agreement)]. However, "[a]lthough contractual obligations *may* create sufficient ties to establish jurisdiction, an out-of-state resident's contract with a resident of the forum state is insufficient, standing alone, to create personal jurisdiction." *Dental Dynamics*, 946 F.3d at 1230 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (emphasis added)). This is because "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475).

Because the Court cannot determine at this juncture whether it has personal jurisdiction over Defendants, the Court cannot enter the requested injunctive relief.

### III.   Rule 65

Finally, Rule 65 sets forth certain requirements for issuing temporary restraining orders without notice to the adverse party. An ex parte temporary restraining order may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). "The stringent restrictions . . . on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard

has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

Although Plaintiff's attorney has explained his efforts to confer with whom he believes to be Mr. Brown's attorney, *see* [Doc. 4 at 2], this conferral statement does not mention whether Plaintiff believes Eric Struble also represents ScreenFund or The Screen Company, *see* [*id.*]. Moreover, Plaintiff's attorney does not explain why notice to Defendants should not be required before the Court enters temporary injunctive relief, as required by Rule 65. *See* [*id.*]. This alone is a basis to deny the portion of the Motion seeking a temporary restraining order. *See Vollmer v. Univ. of N. Colo.*, No. 23-cv-02164-PAB-SKC, 2023 WL 5671495, at *1 (D. Colo. Sept. 1, 2023); *Dunlap v. Nielsen*, No. 16-cv-02400-JAR-TJJ, 2016 WL 11200091, at *1 (D. Kan. June 10, 2016).

As for Rule 65's other requirement, Plaintiff has submitted an affidavit in which he attests that "[i]f Defendant Brown is not ordered, by the Court, to hold on to (and deposit with the Court registry) any funds that are received by him (in any of his companies' accounts) – [Plaintiff] will likely never be able to recover these funds from him" and "[t]hese funds will vanish to other accounts and [Plaintiff] will be unable to recoup them." [Doc. 4-1 at ¶ 62]. But Plaintiff does not directly address the requirement to explain why he will be immediately and irreparably harmed "*before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Given that Mr. Fleming asserts in his Motion that certain loans funded by FHC are due to be repaid today (March 7, 2025) and tomorrow (March 8, 2025), *see* [Doc. 4 at 9], the Court could assume that Plaintiff's position is that, if the Court does not order immediate ex parte relief, the funds paid to FHC today and tomorrow will be taken by Mr. Brown and Mr. Fleming will be

9

permanently deprived of the funds. But given the "stringent restrictions . . . on the availability of ex parte temporary restraining orders," *Granny Goose Foods*, 415 U.S. at 439, and because the Court cannot act as a party's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court cannot make that assumption. Moreover, Plaintiff does not explain why he will be irreparably harmed without a Court order directing Defendants to provide bank statements to Plaintiff by Tuesday, March 11, 2025. *See* [Doc. 4-1]. Nor has Plaintiff explained why his request for bank records could not be satisfied through expedited discovery, if warranted. These procedural deficiencies provide an additional basis for the Court to deny ex parte relief.

For all of these reasons, the Motion for Temporary Restraining Order is **DENIED** to the extent it seeks ex parte relief. It is **ORDERED** that a telephonic Status Conference is **SET** for **March 13, 2025 at 10:00 AM** before Judge Nina Y. Wang, for purposes of discussing the appropriate next steps in this case. Participants shall use the following dial-in information: **571-353-2301; Access Code: 783456374.**

## CONCLUSION

For the reasons explained above, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 4] is **DENIED** to the extent it seeks an ex parte temporary restraining order; and

(2) A telephonic Status Conference is **SET** for **March 13, 2025 at 10:00 AM** before Judge Nina Y. Wang. Participants shall use the following dial-in information: **571-353-2301; Access Code: 783456374.**

DATED: March 7, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge